166 So. 439

## BALLINGER v. STATE.

### 8 Div. 947.

Court of Appeals of Alabama.
March 3, 1936.

J. N. Powell, of Hartselle, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The Morgan county grand jury at the Spring term, 1931, returned an indictment against this appellant charging him with the offense of false pretense. It appears from the record that the case was tried in the lower court and judgment rendered on June 19, 1933; but the final submission of this appeal was not had in this court until January 23, 1936.

The indictment contains three counts, all based upon the same transaction. In proper form and substance it charges that Marvin Ballinger did falsely pretend to R. N. Harris, with intent to defraud, that there was no mortgage on his crop for the year 1930, and by means of such false pretense obtained from the said R. N. Harris 2½ tons of commercial fertilizer of the value of $95, etc.

On the trial of the case there was no dispute that appellant did obtain from the alleged injured party the fertilizer as averred in the indictment, and defendant, while testifying in his own behalf, admitted he had never paid for it. He denied, however, having made the statement that there was no mortgage on his crop for the year 1930. The state, however, adduced evidence tending to show that the statement was made by the defendant, to Harris, at the time and place as alleged in the indictment. There was evidence also to the effect that the statement, if made, was false in that at the time in question a mortgage on his 1930 crop had been given to the Morgan County National Bank by defendant.

The duty rested upon the jury, under this conflicting evidence, to ascertain and determine (1) if the statement complained of was in fact made by the defendant; (2) was said statement if so made false; and (3) if made and if false, did the defendant make such false statement to Harris, as alleged, with the intent to hinder and defraud. The foregoing questions were submitted to the jury under proper instructions. The court committed no error in refusing to defendant the affirmative charge. This is the controlling point of decision on this appeal. The few exceptions reserved to the court's rulings on the admission of evidence are so clearly without merit they need not be discussed.

The motion for a new trial was properly overruled.

Affirmed.